United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

MARIA JOSE JARABA OLIVEROS,

Petitioner,

v.

POLLY KAISER, et al.,

Respondents.

Case No. 25-cv-07117-BLF

**ORDER DENYING RESPONDENTS' MOTION TO HOLD CASE IN ABEYANCE PENDING *MONTOYA PALACIOS V. LIGGINS***

[Re: ECF No. 29]

Before the Court is Respondents' motion to hold this case in abeyance pending *Montoya Palacios v. Liggins*, No. 25-1223, 2026 WL 1855057 (U.S. June 29, 2026). ECF No. 29 ("Mot."). Petitioner Maria Jose Jaraba Oliveros opposes. ECF No. 31 ("Opp."). Respondents did not file a reply. The Court finds that this motion is suitable for resolution without oral argument and VACATES the hearing set for December 17, 2026. For the reasons that follow, Respondents' motion is DENIED.

## I. BACKGROUND

The Parties are familiar with the facts and procedural history of this case, which the Court briefly summarizes. On August 22, 2025, Petitioner was seized by U.S. Immigration and Customs Enforcement ("ICE"), a division of the Department of Homeland Security ("DHS"), at an immigration hearing at the San Francisco Immigration Court. Ms. Oliveros is an asylum-seeker who has lived and worked in the United States since 2023. She filed a petition for a writ of habeas corpus against Respondents Acting Field Office Director Polly Kaiser, Acting Director of Immigration and Customs Enforcement Todd M. Lyons, Secretary of the Department of Homeland Security Kristi Noem, and United States Attorney General Pam Bondi (collectively, "Respondents" or the "Government"). After granting Petitioner's motions for a temporary

restraining order and a preliminary injunction, the Court granted Petitioner's writ of habeas corpus, permanently enjoining the Government from re-detaining Petitioner without notice and a pre-deprivation hearing before a neutral decisionmaker unless Petitioner becomes subject to a final removal order, ECF No. 26.

Petitioner then filed a motion for attorneys' fees and costs seeking $36,625.94 for Counsel's work on the successful habeas petition. ECF No. 28. The basis for Petitioner's motion is the Equal Access to Justice Act ("EAJA"), which provides for the award of reasonable attorneys' fees and costs to the prevailing party "in any civil action" brought by or against the United States. 28 U.S.C. § 2412(d)(1)(A). On June 29, 2026, the United States Supreme Court granted certiorari in *Palacios v. Liggins*, No. 25-1223, 2026 WL 1855057, at *1 (U.S. June 29, 2026). The question presented is whether the "any civil action" language found in the EAJA includes an action seeking a writ of habeas corpus to challenge civil immigration detention. Thus, the Government moves to hold Petitioner's motion for attorney's fees under the EAJA in abeyance until 60 days after the Supreme Court's decision in *Palacios v. Liggins*.

## II. LEGAL STANDARD

District courts have the "discretionary power to stay proceedings." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). This power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. The court may "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Levya v. Certified Grocers of Cal., Ltd.,* 593 F.2d 863–64 (9th Cir. 1979)). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva*, 593 F.2d at 863–64.

In determining whether to grant a stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268

United States District Court
Northern District of California

(9th Cir. 1962). "Among these competing interests are [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id*. In addition, the "proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

## III. DISCUSSION

### A. Factors One and Two: Damage and Hardship to Parties

With respect to the first two factors, damage and hardship to the parties, Respondents assert that Petitioner "will not suffer any prejudice if this abeyance motion is granted because Petitioner was released." Mot. at 3. In opposition, Petitioner argues that Respondents' view of the circumstances is too narrow. She emphasizes her interest in the prompt resolution of the attorneys' fees motion, because non-profit organizations who represent noncitizens in habeas proceedings (like Petitioner's Counsel) "rely on the timely availability of EAJA fees to sustain that work." Opp. at 3–4.

If there is "even a fair possibility" of harm to the opposing party, the moving party "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. Here, the Court agrees with Petitioner that Respondents have not identified the existence of any hardship or inequity in their being required to go forward in briefing and arguing the attorneys' fees motion. Nor is the Court persuaded by Respondents' conclusory contention that Petitioner will not suffer any prejudice if the motion to stay is granted. As Petitioner points out, *Palacios v. Liggins* has not been briefed or calendared for argument, and a stay of a year or more in resolving the instant motion could interfere with Petitioner's continued access to counsel. The Court accordingly finds that the first two factors weigh in favor of Petitioner.

### B. Factor Three: The Orderly Course of Justice

Turning to the third factor, Respondents argue that *Palacios v. Liggins* may be dispositive of the pending fees motion in this case because the Supreme Court granted a writ of certiorari as to the issue of whether the "any civil action" language found in the EAJA includes an action seeking

United States District Court
Northern District of California

a writ of habeas corpus to challenge civil immigration detention. *See Palacios v. Liggins*, No. 25-1223, 2026 WL 1855057 (U.S. June 29, 2026). Thus, according to Respondents, staying the fees motion will "promote[] judicial efficiency and conserve[] judicial resources." Mot. at 3. In response, Petitioner contends that nothing about the pending motion for fees "is so complex, fact-intensive, or novel within this Circuit that it warrants being taken off this Court's docket for over a year while awaiting a decision." Opp. at 3.

"In determining whether the third factor weighs in favor of a stay, considerations of judicial economy are highly relevant." *Gustavson v. Mars, Inc.*, No. 13-cv-04537-LHK, 2014 WL 6986421, at *3 *(N.D. Cal. Dec. 10, 2014). Here, the Court agrees with Respondents that a decision in *Palacios v. Liggins* is likely to provide guidance on the availability of attorneys' fees under the EAJA. It is true, as Petitioner points out, that "there is nothing stopping this Court from applying the binding law of this Circuit now." Opp. at 1. However, the Supreme Court's decision in *Palacios v. Liggins* may bear on the issue before the Court. On balance, the Court finds that it would be slightly in the interest of judicial economy to hold the motion for attorneys' fees in abeyance pending the decision in *Palacios v. Liggins*.

* * *

To summarize, the Court finds that there is a risk of some prejudice to Petitioner if the Court stays the motion for attorneys' fees pending the Supreme Court's decision in *Palacios v. Liggins*. On the other hand, considerations of judicial economy weigh slightly in favor of a stay, because the decision could inform the analysis in the pending motion. Because "[a] district court's concern for . . . judicial efficiency, standing alone is not necessarily a sufficient ground to stay proceedings," *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1085 (9th Cir. 2024) (citation and internal quotation marks omitted), the Court exercises its broad discretion to manage its docket and declines to hold the motion for attorneys' fees in abeyance. *See E.A.P.C. v. Wofford et al.*, No. 25-cv-01546 JLT CDB (HC), 2026 WL 1983910, at *2 (E.D. Cal. July 9, 2026) (declining to hold a motion for attorneys' fees in abeyance pending the Supreme Court's decision in *Palacios v. Liggins*).

United States District Court
Northern District of California

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Respondents' motion to hold this action in abeyance is DENIED. Respondents SHALL file their opposition to Petitioner's motion for attorneys' fees within 14 days of the date of this Order, by **August 25, 2026**. Petitioner SHALL file any reply by **September 1, 2026.**

Dated: August 11, 2026

BETH LABSON FREEMAN
United States District Judge