United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

MARIA JOSE JARABA OLIVEROS,

Plaintiff,

v.

POLLY KAISER, et al.,

Defendants.

Case No. 25-cv-07117-BLF

**ORDER GRANTING MOTION FOR ATTORNEY'S FEES UNDER 42 U.S.C. § 2412(D)**

[Re: ECF No. 28]

Petitioner Maria Jose Jaraba Oliveros moves for attorney's fees in the amount of $36,625.94 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), after prevailing on her habeas petition challenging her immigration re-detention. ECF No. 28 ("Fee Mtn") at 7. The Court found this motion suitable for decision without oral argument. *See* Civ. L.R. 7-1(b); ECF No. 38.

For the reasons discussed below, the motion is GRANTED IN PART and Petitioner is awarded $14,070.30 in fees and costs.

## I. BACKGROUND

On August 22, 2025, U.S. Immigration and Customs Enforcement ("ICE") arrested Petitioner after she appeared at the San Francisco Immigration Court for a routine hearing. ECF No. 1 ("Petition") at ¶ 2. That same day, Petitioner filed a petition for a writ of habeas corpus and an ex parte motion for a temporary restraining order. *See id.*; ECF No. 5.

The Court granted the TRO, ordering Respondents to release Petitioner from custody. ECF No. 7 at 7. The Court later converted the TRO into a preliminary injunction, ECF No. 17, and on April 29, 2026, the Court granted the petition for a writ of habeas corpus. ECF No. 26.

United States District Court
Northern District of California

On July 10, 2026, Petitioner filed the instant motion for attorney's fees under the EAJA. Respondents moved to hold this case in abeyance pending the Supreme Court's decision in *Montoya Palacios v. Liggins*, No. 25-1223, 2026 WL 1855057 (U.S. June 29, 2026). ECF No. 29. The Court denied Respondents' motion, finding that the risk of prejudice to Petitioner from delaying an attorney's fees award outweighed any minor impact on judicial economy that might occur by deciding this matter before the Supreme Court issues its decision. ECF No. 34 at 4.

## II. LEGAL STANDARD

Litigants are ordinarily "required to bear the expenses of their litigation unless a statute or private agreement provides otherwise." *Carbonell v. I.N.S.*, 429 F.3d 894, 897–98 (9th Cir. 2005). However, under the EAJA, private litigants who prevail in a "civil action" against the United States may recover attorney's fees and costs. 28 U.S.C. § 2412(d)(1)(A). Specifically, the EAJA provides that "a court shall award to a prevailing party" reasonable fees and other expenses unless "the position of the United States was substantially justified." *Id.*

"The 'position of the United States' includes both the government's litigation position and the underlying agency action giving rise to the civil action." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013) (citations omitted). "The government bears the burden of demonstrating substantial justification." *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005). To satisfy this burden, Respondents must demonstrate that the government's position was "justified to a degree that could satisfy a reasonable person" and had a "reasonable basis both in law and fact." *See Medina Tovar v. Zuchowski*, 41 F.4th 1085, 1089 (9th Cir. 2022) (citations omitted).

Should the Court find that a party is entitled to attorney's fees under the EAJA, it must then determine whether the requested fees are reasonable. *See* 28 U.S.C. § 2412(d)(2)(A); *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002). The EAJA precludes the Court from awarding attorney's fees "in excess of $125 per hour unless the [C]ourt determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The

United States District Court
Northern District of California

EAJA's current maximum hourly fee, adjusted for the cost of living, is $258.46.[1] When calculating a reasonable fee award, the Court need not provide "elaborate mathematical equations," but "must provide a concise but clear explanation of its reasons for the fee award." *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001) (citation and internal quotations omitted).

**III. DISCUSSION**

Petitioner seeks an award of $36,625.94 at an enhanced rate of $675 per hour. Fee Mtn at 7, 9. Respondents do not contest that Petitioner was the prevailing party. *See* ECF No. 35 ("Fee Opp."). Rather, Respondents oppose Petitioner's motion for attorney's fees on three grounds: (1) habeas proceedings are not "civil actions" under the EAJA, (2) the government's position was substantially justified, and (3) the requested fee amount is unreasonable. *See id.* at 3–8.

**A. Habeas Proceedings as Civil Actions**

Respondents argue that Petitioner is not entitled to an award of attorney's fees because a habeas corpus action challenging immigration detention is not unambiguously a "civil action" under the EAJA. *Id.* at 3–4, 6. In their opposition brief, Respondents assert that "[s]overeign immunity generally bars all awards of monetary relief against the United States" unless an applicable statute includes an "unmistakably clear" "waiver of sovereign immunity." *Id.* at 3. They state that "any ambiguities in the statutory language are to be construed in favor of immunity." *Id.* at 4 (quoting *FAA v. Cooper*, 566 U.S. 284, 290 (2012)). Respondents note that the EAJA limits the award of attorney's fees to "civil actions," and argue that ambiguity exists as to whether habeas proceedings fall within that term. *Id.*

In support of this argument, Respondents cite to decisions from the Fourth and Fifth Circuits, which held that an immigration habeas corpus proceeding is not a "civil action" for EAJA purposes because it is "neither a wholly criminal nor wholly civil action, but rather a hybrid

[1] *Statutory Maximum Rates*, U.S. Ct. App. Ninth Cir. (Oct. 7, 2026), https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/.

action." *Id.* (citing *Barco v. Witte*; 65 F.4th 782, 785 (5th Cir. 2023); *Obando-Segura v. Garland*, 999 F.3d 190, 193 (4th Cir. 2021)).

The Court does not find Respondents' argument persuasive. The Ninth Circuit has held that, "[i]n at least some circumstances, . . . the EAJA applies to habeas corpus actions arising out of immigration proceedings." *Montero v. Ilchert*, 780 F.2d 763, 765 (9th Cir. 1986) (citing *In re Hill*, 775 F.2d 1037, 1040–41 (9th Cir. 1985)). Relying on this binding circuit precedent, district courts have continued to find that immigration habeas proceedings are civil actions under the EAJA. *See, e.g.*, *Gurjinder S. v. Warden of the Golden State Annex Det. Facility*, No. 26-cv-00188, 2026 WL 2110865, at *2 (E.D. Cal. July 21, 2026) ("Courts in this district have held that habeas petitions are civil actions for purposes of fee awards under the EAJA."); *V.O. v. Noem*, No. 25-cv-1796, 2026 WL 2169089, at *2 (E.D. Cal. July 28, 2026); *Doe v. Chestnut*, No. 25-cv-01372, 2026 WL 1459808, at *1–2 (E.D. Cal. May 22, 2026). These district court decisions are consistent with recent decisions from the Third and Tenth Circuits, holding that the EAJA "unambiguously" encompasses habeas challenges to immigration detention. *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 423–25 (3d Cir. 2026); *Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025). Accordingly, the Court concludes that this case is a "civil action" under the EAJA.

**B. Substantial Justification**

Respondents next argue that Petitioner is not entitled to an award of attorney's fees and costs because the government's position was substantially justified. Under the EAJA, "[t]he government bears the burden of demonstrating substantial justification." *Free Speech Coalition*, 408 F.3d at 618. This requires demonstrating that "both the government's litigation position and the underlying agency action" were "justified to a degree that could satisfy a reasonable person" and had "a reasonable basis both in law and fact." *Meier*, 727 F.3d at 870; *Medina Tovar*, 41 F.4th at 1089. For the reasons discussed below, the Court finds that the government has failed to satisfy this burden.

*1. Underlying Agency Action*

When Petitioner first entered the United States in December 2023, she was released from detention after the Department of Homeland Security determined that she was neither a flight risk nor a danger to the community. Petition at ¶ 48. Then, on August 22, 2025, ICE re-detained Petitioner after she appeared at the San Francisco Immigration Court for a routine hearing. *Id.* at ¶ 52–53. Petitioner has no criminal record, was gainfully employed, and had appeared at her scheduled hearings. *Id.* at ¶ 50–52. Historically, ICE would not re-detain an individual absent a material change in circumstances demonstrating that she had become a flight risk or danger to the public. *See Panosyan v. Mayorkas*, 854 F. App'x 787, 788 (9th Cir. 2021) (finding that "absent changed circumstances . . . ICE cannot redetain" a petitioner); *see also Zadvydas v. Davis*, 533 U.S. 678, 690, (2001) (noting that because civil immigration detention is "nonpunitive in purpose and effect," it must carry a "special justification," such as "ensuring the appearance of [noncitizens] at future immigration proceedings and [p]reventing danger to the community" (citation modified)). In their opposition brief, Respondents provided no justification, let alone a substantial justification, for ICE's "radical departure from the historical treatment of noncitizens who entered the United States without inspection." *Hernandez v. Bondi*, No. 25-cv-00615, 2026 WL 2253848, at *2 (D. Idaho Aug. 4, 2026) (quoting *Salazar v. Noem*, No. 26-cv-44, 2026 WL 594606, at *1 (D. Neb. Mar. 3, 2026)); *see* Fee Opp. Because Respondents did not attempt to justify Petitioner's re-detention, the Court finds that they have not shown that the government's underlying conduct was substantially justified.

2. *Litigation Position*

During the habeas proceedings, Respondents' litigation position was that under 8 U.S.C. § 1225(b)(2) Petitioner was subject to "mandatory detention" and that due process did not require a hearing before she was re-detained. ECF No. 10 at 1–3, 6. In their opposition to the motion for attorney's fees, Respondents acknowledge that the Ninth Circuit has since held that 8 U.S.C. § 1226(a) is the applicable statute for individuals like Petitioner, and not § 1225(b)(2). Fee Opp. at 6 (citing *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026)). Respondents argue, however, that their litigation position was still substantially justified because the government

United States District Court
Northern District of California

"relied on a credible interpretation of 8 U.S.C. § 1225." Fee Opp. at 6 (citing *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988) ("[A] position can be justified even though it is not correct.")).

In support of their argument, Respondents cite to a Fifth Circuit and an Eighth Circuit opinion holding that 8 U.S.C. § 1225(b)(2) applied to individuals like Petitioner, and provide a handful of district court orders that supported the minority position that individuals like Petitioner were subject to mandatory detention. Fee Opp. at 6 (citing, e.g., *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026); *Salcedo Aceros v. Kaiser*, No. 25-cv-6924, 2025 WL 2637503 (N.D. Cal. Sept. 12, 2025)).

"When the government's legal position divides the federal courts, that factor indeed weighs strongly in favor of substantial justification." *Gurjinder*, 2026 WL 2110865, at *5. However, "relitigation of a previously decided issue is [also] a strong factor weighing against the government in determining substantial justification." *Save Our Ecosystems v. Clark*, 747 F.2d 1240, 1250 (9th Cir. 1984). As of late 2025, individuals challenging the government's re-detention policy "had prevailed in at least 350 of 362 reported decisions, issued by more than 160 judges in some fifty courts." *Hernandez*, 2026 WL 2253848, at *5. As Respondents themselves note "every court in this district to have considered these questions has granted preliminary injunctive relief to similarly situated petitioners, concluding that Section 1225(b) does not apply to the petitioners and due process requires a pre-deprivation hearing." Opp. at 9. Despite the overwhelming majority of decisions rejecting the government's litigation position, Respondents continued to advocate for their novel interpretation of § 1225(b)(2). *See* ECF No. 22. Taken altogether, this existing case law weighs heavily against a finding that the government's litigation position had a "reasonable basis both in law and fact." *Medina Tovar*, 41 F.4th at 1089.

Even assuming that the government's interpretation of 8 U.S.C. § 1225(b)(2) was reasonable, Respondents have failed to meet their burden to demonstrate substantial justification because they provided no justification for their due process argument. *See* Fee Opp.; ECF No. 36 ("Fee Reply") at 7. In their opposition to the motion for attorney's fees, Respondents did not provide any argument in support of their position that "due process does not require that the Court

United States District Court
Northern District of California

enjoin [Petitioner's] re-detention absent a hearing." ECF No.10 at 1. Respondents' citations to the recent Third Circuit and Eighth Circuit cases provide no support as those cases did not address whether the government's re-detention policy violated due process. *See Buenrostro-Mendez*, 166 F.4th 494; *Avila*, 170 F.4th 1128. District courts have routinely held that the government fails to satisfy its burden where it does not provide substantial justification for its due process argument. *See, e.g.*, *Valerio v. Noem*, No. 26-cv-2129, 2026 WL 2494888, at *2 (E.D. Cal. Aug. 25, 2026) (finding that the government's litigation position was not substantially justified where the respondents did not "argue[] that their litigation position was substantially justified with respect to the due process ground on which petitioner obtained relief."); *see also Ruiz v. Chestnut*, No. 26-cv-00509, 2026 U.S. Dist. LEXIS 151801, at *3 (E.D. Cal. July 8, 2026) ("Respondents' contention that the Due Process Clause does not operate when an immigration detention statute applies is not substantially justified"). For these reasons the Court finds that Respondents have not demonstrated that their litigation position had a reasonable basis in law or fact.

Because Respondents failed to show that their pre-litigation conduct or litigation position was substantially justified, the Court concludes that Petitioner is entitled to an award of attorney's fees and costs under the EAJA.

**C. Fee and Costs Assessment**

After determining that Petitioner is entitled to attorney's fees and costs, the Court must assess whether the requested fee award is reasonable. *See* 28 U.S.C. § 2412(d)(2)(A). Petitioner has requested a fee award of $36,625.94 at an enhanced rate of $675 per hour. Fee Mtn at 7, 9. The Court finds that the requested fee amount is unreasonable.

*1. Request for Fee Enhancement*

Absent a "special factor" warranting a fee enhancement, the EAJA's current maximum hourly rate is $258.46.[2] To receive a fee enhancement, Petitioner must demonstrate that her

[2] *Statutory Maximum Rates*, U.S. Ct. App. Ninth Cir. (Oct. 2, 2026), https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/.

counsel possesses "distinctive knowledge and specialized skill that was needful to the litigation in question and not available elsewhere at the statutory rate." *Nadarajah v. Holder*, 569 F.3d 906, 912 (9th Cir. 2009) (citation and internal quotations omitted). The Ninth Circuit has previously found that specialized knowledge in immigration law can "be a special factor warranting an enhancement of the statutory rate." *Rueda-Menicucci v. INS*, 132 F.3d 493, 496 (9th Cir. 1997); *Nadarajah*, 569 F.3d at 914 (holding that enhanced rates were appropriate because the "case involved more than established principles of [immigration] law with which the majority of attorneys are familiar").

Petitioner argues that she is entitled to a fee enhancement because of the "distinctive knowledge and skills" her counsel developed over the course of seven years practicing immigration removal defense. Fee Mtn at 7–8. Petitioner's counsel asserts that this experience, along with her professional network, allowed her to receive a successful result for Petitioner despite being "one of the first attorneys" in the district "to respond to the government's new interpretation of § 1225(b)(2)." *Id.* at 8. In support of the motion, Petitioner includes four declarations indicating, in part, that there were a limited number of qualified attorneys available to represent Petitioner. *Id.* at 10; *see e.g.*, ECF No. 28-4 ("Declaration of Johnny Sinodis") at 4 ("I believe there were probably less than a handful of private attorneys and/or firms who would have had the skill to litigate these habeas cases when the first arrests occurred because of the novelty and complexity of the issues."). Respondents oppose the fee enhancement, arguing that Petitioner's counsel has not sufficiently demonstrated that her distinctive skills were necessary for this litigation. Fee Opp. at 9–10.

Even assuming that Petitioner's counsel has specialized knowledge of immigration habeas corpus proceedings, she has not sufficiently demonstrated that this knowledge was "needful to the litigation in question." *Nadarajah*, 569 F.3d at 912. As previously discussed, as of late 2025, the issues presented in this litigation had been addressed hundreds of times in districts across the country. *See Hernandez*, 2026 WL 2253848, at *3. Nearly identical petitions for habeas corpus had been filed in this district before Petitioner initiated this suit. *See, e.g.*, *See Ramirez Clavijo v. Kaiser*, No. 25-cv-06248, 2025 WL 2419263 (N.D. Cal. Aug. 21, 2025). The considerable

number of successful cases on this issue provided attorneys with an extensive repository of petitions and case law to draw from, reducing the need for "distinctive knowledge" or "specialized skill." Consequently, district courts have generally denied requests for fee enhancements in similar immigration habeas proceedings. *See, e.g.*, *Gurjinder*, 2026 WL 2110865, at *7 (denying a similar fee enhancement request for attorneys with a combined thirty-seven years of immigration law experience); *Landazuri v. Mullin*, No. 26-cv-01419, 2026 WL 2326095, at *4 (C.D. Cal. Aug. 11, 2026). For these reasons, the Court is not persuaded that distinctive knowledge or skills were needful for this litigation and DENIES Petitioner's request for a fee enhancement.

*2. Reasonable Fee Calculation*

To determine a reasonable fee award, the Court "must calculate the lodestar amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *See United States v. $12,248 U.S. Currency*, 957 F.2d 1513, 1520 (9th Cir. 1991). Petitioner submitted a billing statement indicating that her counsel spent 54.15 hours on this matter and spent $74.69 on a rental car to attend an in-person hearing on August 28, 2025. ECF No. 28-1, 15. Respondents do not dispute any of the reported hours or costs. *See* Fee Opp. Having reviewed the billing statement, the Court finds that the reported hours are reasonable.

Applying the EAJA's maximum hourly rate of $258.46 to this billing statement would result in a fee and costs award of $14,070.30. Courts have previously found similar awards reasonable for immigration habeas proceedings. *See, e.g.*, *Gurjinder*, 2026 WL 2110865, at *8 (awarding $14,882.22 for 57 attorney hours and 3 legal assistant hours); *V.O. v. Noem*, 2026 WL 2169089, at *3 (collecting fee awards from similar immigration habeas cases). Accordingly, the Court finds a fee award of $14,070.30 reasonable.

United States District Court
Northern District of California

**IV. ORDER**

For the foregoing reasons, Petitioner's motion for attorney's fees is GRANTED in the amount of $14,070.30

**IT IS SO ORDERED.**

Dated: October 8, 2026

BETH LABSON FREEMAN
United States District Judge